■ HEATHER JAMES, LLC, et al., Respondents, v DAY & MEYER, MURRAY & YOUNG CORP., Appellant. [34 NYS3d 423]—

Order, Supreme Court, New York County (Robert R. Reed, J.), entered September 21, 2015, which, to the extent appealed from, denied defendant's motion for summary judgment limiting its liability to the damages specified in the parties' contracts, unanimously affirmed, without costs.

Plaintiff Heather James Jackson, LLC, the owner of an art gallery in Wyoming, facilitated for a client the purchase of 10 original framed Marilyn Monroe silk-screen prints created by Andy Warhol. Included in the collection, and making it unique, was the box that Warhol himself had selected and labeled to sell the prints in. Defendant, which specializes in storing and

shipping rare fine art, was to receive the collection from Sotheby's and ship it to the Wyoming gallery. In an email notifying defendant that the collection would be arriving the next day, an employee of plaintiff advised that the prints were to be shipped to Wyoming, "along with the original box the prints came in." However, the prints arrived in Wyoming without the original box.

Contrary to the motion court's conclusion that gross negligence on defendant's part would deprive defendant of the benefit of the contractual limitation on its liability, the only circumstance that would render the contractual limitation inapplicable in this case is defendant's conversion of the original box (*see* UCC 7-204 [2], now 7-204 [b]; *I.C.C. Metals v Municipal Warehouse Co.*, 50 NY2d 657 [1980]). Although defendant proffered a non-conversion explanation for its failure to return the box to plaintiff, the evidence it submitted fails to demonstrate the truth of that explanation as a matter of law (*see I.C.C. Metals*, 50 NY2d 657).

We have considered defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Richter, Manzanet-Daniels and Kahn, JJ.